## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CORRINE S. KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:15-cv-02188 |
| v. | ) | |
| | ) | |
| TMX FINANCE LLC, | ) | |
| TMX INVESTMENTS, LLC, | ) | |
| TMX CREDIT, INC., AND | ) | |
| TMXA, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER

NOW COME Defendants TMX Finance LLC, TMX Investments, LLC, TMX Credit, Inc., and TMXA, LLC (collectively, "Defendants") and file their Answer to Plaintiff Corrine S. Knight's ("Plaintiff") Complaint (the "Complaint").

## FIRST DEFENSE

Some or all of the claims alleged in the Complaint fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Complaint should be dismissed because it is not well grounded in fact nor warranted by law.

## THIRD DEFENSE

Defendants are not proper defendants because they were not Plaintiff's employer within the meaning of 42 U.S.C. § 2000 et. seq. and/or 29 U.S.C. § 2601 et. seq.

## FOURTH DEFENSE

The Complaint should be dismissed because Defendants, at all times, complied with applicable laws, acted reasonably and in good faith, and exercised due care and diligence toward Plaintiff.  Any and all actions taken by Defendants with respect to Plaintiff were reasonable, in good faith, and based on legitimate, non-discriminatory, and non-retaliatory reasons.

## FIFTH DEFENSE

The Complaint should be dismissed to the extent Plaintiff has not properly exhausted her administrative remedies.

## SIXTH DEFENSE

Plaintiff's claims are barred because she failed to comply with some or all of the prerequisites or administrative conditions precedent to the maintenance of a civil action.

## SEVENTH DEFENSE

Plaintiff was an at-will employee who could be discharged with or without cause.

**EIGHTH DEFENSE**

Some or all of the claims in the Complaint are barred by the doctrine of unclean hands and/or estoppel by reason of Plaintiff's conduct and actions.

**NINTH DEFENSE**

To the extent that Plaintiff seeks relief from or for employment decisions or actions which were not made the subject of a timely charge with the EEOC or to the extent such charge does not reference or was not filed against Defendants, such claims are barred. 42 U.S.C. § 2000e et. seq.

**TENTH DEFENSE**

Plaintiff's claims lack merit because the Plaintiff was discharged for a legitimate, non-discriminatory reason.

**ELEVENTH DEFENSE**

To the extent Plaintiff's claim for sex discrimination is brought against Defendants, Defendants expressly deny that Plaintiff's sex or any other impermissible factor played any role in Plaintiff's separation. Even if Plaintiff's sex had been a factor in this separation, the separation would have occurred anyway for reasons unrelated to sex.

**TWELFTH DEFENSE**

Plaintiff's claim for sexual discrimination is barred because the facially

neutral employer practice is justified because of "business necessity."

### THIRTEENTH DEFENSE

Plaintiff's claim for sexual discrimination is barred because she was not treated differently from any similarly situated members of the unprotected class.

### FOURTEENTH DEFENSE

Plaintiff's retaliation claim fails as a matter of law because she did not, and cannot, sufficiently plead a causal relationship between the alleged protected activity and any alleged adverse employment action.

### FIFTEENTH DEFENSE

Plaintiff failed to take advantage of her employer's internal policy which sets forth the procedure to be followed if an employee believes he or she has been sexually harassed, and because Plaintiff failed to utilize such procedures, Plaintiff's Complaint against Defendants must fail.

### SIXTEENTH DEFENSE

Defendants deny that any conduct which could be construed as harassment toward Plaintiff ever took place.  To the extent sexual harassment or other inappropriate conduct was directed at Plaintiff, Defendants deny actual knowledge of such inappropriate misconduct, deny that they could have known, in the exercise of reasonable care, of any such misconduct, and asserts that such

misconduct, if undertaken by Defendant's employees, is outside the course and scope of the employment relationship.

## SEVENTEENTH DEFENSE

The conduct alleged by the Plaintiff is not sufficiently pervasive or severe enough to alter the terms and conditions of employment within the meaning of Title VII to create a "hostile-work environment."

## EIGHTEENTH DEFENSE

Plaintiff is not entitled to any relief under the FMLA because Plaintiff did not provide the medical certifications required under the FMLA or under her employer's written FMLA policy.

## NINETEENTH DEFENSE

Plaintiff is not entitled to recover punitive or exemplary damages because there is no allegation that Defendants committed any oppressive, fraudulent or malicious acts, authorized or ratified such acts, or had advance knowledge of the unfitness, if any, of the employee who allegedly committed such acts.

## TWENTIETH DEFENSE

Plaintiff has failed to state facts sufficient to entitle her to an award of compensatory or punitive damages.

## TWENTY-FIRST DEFENSE

To the extent that Plaintiff seeks damages in excess of those allowed by applicable laws, such damages are barred.

## TWENTY-SECOND DEFENSE

Plaintiff has failed to mitigate reasonably her damages, her entitlement to which is expressly denied.

## TWENTY-THIRD DEFENSE

Plaintiff's alleged damages, if any, her entitlement to which is expressly denied, are limited to the extent that discovery reveals evidence that would have resulted in Plaintiff's termination.

## TWENTY-FOURTH DEFENSE

Plaintiff failed to state facts sufficient to entitle her to an award of attorneys' fees under Title VII.

## TWENTY-FIFTH DEFENSE

To the extent Plaintiff has had any interim earnings or income, Defendants are entitled to an offset against Plaintiff's alleged damages, if any, her entitlement to which is expressly denied.

## TWENTY-SIXTH DEFENSE

Plaintiff is not entitled to recover liquidated or punitive damages because Defendants endeavored in good faith to comply with provisions of Title VII and other applicable law.

## TWENTY-SEVENTH DEFENSE

Defendants reserve the right to amend or add any additional affirmative defenses or counterclaims that may become known during the course of discovery.

## TWENTY-EIGHTH DEFENSE

Subject to the above-stated defenses, Defendants answer the specific allegations of the Complaint:

1.    Answering Paragraph 1 of the Complaint, Defendants admit that Plaintiff purports to bring this action under Title VII of the Civil Rights Act of 1964, 42. U.S.C. § 2000e et seq. to redress employment discrimination based on sex and for retaliation, and that Plaintiff purports to invoke this Court's jurisdiction pursuant to 42 U.S.C. § 2000e-5 and 42 U.S.C. § 2000e-5(g), but Defendants deny that they committed any act or omitted to perform any act giving rise to a legitimate cause of action against it.   Except as expressly admitted above, Defendants deny all other allegations in Paragraph 1 of the Complaint.

2.    Defendants admit that Plaintiff purports to bring this action under the

Family Medical Leave Act of 1993 (29 U.S.C. §2601, et seq.) ("FMLA"), as amended, but Defendants deny that they committed any act or omitted to perform any act giving rise to a legitimate cause of action against it.  Except as expressly admitted above, Defendants deny all other allegations in Paragraph 2 of the Complaint.

3.     Defendants admit that Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1331, but Defendants deny that they committed any act or omitted to perform any act giving rise to a legitimate cause of action against it.  Except as expressly admitted above, Defendants deny all other allegations in Paragraph 3 of the Complaint.

4.     Defendants admit that they do business in the State of Georgia. Except as expressly admitted above, Defendants deny all other allegations in Paragraph 4 of the Complaint.

5.     TMX Finance LLC admits the allegations in Paragraph 5 of the Complaint.  Except as expressly admitted above, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and therefore such allegations are denied.

6.     TMX Investments, LLC admits the allegations in Paragraph 6 of the Complaint.  Except as expressly admitted above, Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore such allegations are denied.

7.     TMX Credit, Inc. admits that it is a Delaware for-profit corporation. Except as expressly admitted above, TMX Credit, Inc. denies all other allegations in Paragraph 7 of the Complaint.  Except as expressly admitted or denied above, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and therefore such allegations are denied.

8.     TMXA, LLC admits that it is a Delaware Limited Liability Company. Except as expressly admitted above, TMXA, LLC denies all other allegations in Paragraph 8 of the Complaint.  Except as expressly admitted or denied above, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and therefore such allegations are denied.

9.     TMX Finance LLC denies the allegations in Paragraph 9 of the Complaint.  Except as expressly admitted above, TMX Finance LLC denies all other allegations in Paragraph 9 of the Complaint.  Except as expressly admitted or denied above, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and

therefore such allegations are denied.

10.     TMX Investments, LLC admits the allegations in Paragraph 10 of the Complaint.  Except as expressly admitted above, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and therefore such allegations are denied.

11.     TMX Credit, Inc. admits the allegations in Paragraph 11 of the Complaint.  Except as expressly admitted above, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and therefore such allegations are denied.

12.     TMXA, LLC admits the allegations in Paragraph 12 of the Complaint. Except as expressly admitted above, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore such allegations are denied.

13.     Defendants deny the allegations in Paragraph 13 of the Complaint.

14.     Defendants deny they employed Plaintiff.  TMX Finance LLC, TMX Investments, LLC, and TMX Credit, Inc. each admit they engage in interstate commerce.  TMXA, LLC denies it engages in interstate commerce.  Except as expressly admitted above, Defendants deny all other allegations in Paragraph 14 of the Complaint.

15.    Defendants deny they employed Plaintiff.  Defendants deny all other allegations in Paragraph 15 of the Complaint.

16.    Defendants deny the allegations in Paragraph 16 of the Complaint.

17.    Defendants deny they employed Plaintiff.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Complaint, and therefore such allegations are denied.

18.    Defendants deny they employed Plaintiff.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Complaint, and therefore such allegations are denied.

19.    Defendants deny they employed Plaintiff.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint, and therefore such allegations are denied.

20.    Defendants deny they employed Plaintiff.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint, and therefore such allegations are denied.

21.     Defendants deny they employed Plaintiff.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint, and therefore such allegations are denied.

22.     Defendants deny they employed Plaintiff.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Complaint, and therefore such allegations are denied.

23.     Defendants deny they employed Plaintiff.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint, and therefore such allegations are denied.

24.     Defendants deny they employed Plaintiff.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Complaint, and therefore such allegations are denied.

25.     Defendants deny they employed Plaintiff.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Complaint, and therefore such

allegations are denied.

26.     Paragraph 26 constitutes a purported conclusion of law to which no response is required.  Defendants deny they employed Plaintiff.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 of the Complaint, and therefore such allegations are denied.

27.     Defendants deny they employed Plaintiff.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Complaint, and therefore such allegations are denied.

28.     Defendants deny they employed Plaintiff.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of the Complaint, and therefore such allegations are denied.

29.     Defendants deny they employed Plaintiff.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Complaint, and therefore such allegations are denied.

30.     Defendants deny they employed Plaintiff.     Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Complaint, and therefore such allegations are denied.

31.    Paragraph 31 constitutes a purported conclusion of law to which no response is required.  Defendants deny they employed Plaintiff.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of the Complaint, and therefore such allegations are denied.

32.    Defendants deny they employed Plaintiff.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 of the Complaint, and therefore such allegations are denied.

33.    Defendants deny they employed Plaintiff.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of the Complaint, and therefore such allegations are denied.

34.    Defendants deny they employed Plaintiff.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 of the Complaint, and therefore such

allegations are denied.

35.     Defendants deny they employed Plaintiff.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of the Complaint, and therefore such allegations are denied.

36.     Defendants deny they employed Plaintiff.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 of the Complaint, and therefore such allegations are denied.

37.     Defendants deny they employed Plaintiff.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 of the Complaint, and therefore such allegations are denied.

38.     Defendants deny they employed Plaintiff.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 of the Complaint, and therefore such allegations are denied.

39.     Defendants deny they employed Plaintiff.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 39 of the Complaint, and therefore such allegations are denied.

40.    Defendants deny they employed Plaintiff.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 of the Complaint, and therefore such allegations are denied.

41.    Paragraph 41 constitutes a purported conclusion of law to which no response is required.  Defendants deny the remaining allegations of Paragraph 41.

42.    Defendants deny they employed Plaintiff.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 of the Complaint, and therefore such allegations are denied.

43.    Defendants deny they employed Plaintiff.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 of the Complaint, and therefore such allegations are denied.

44.    Defendants deny they employed Plaintiff.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 of the Complaint, and therefore such

allegations are denied.

45.    Defendants deny they employed Plaintiff.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 of the Complaint, and therefore such allegations are denied.

46.    Defendants deny they employed Plaintiff.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 of the Complaint, and therefore such allegations are denied.

47.    Defendants deny they employed Plaintiff.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 of the Complaint, and therefore such allegations are denied.

48.    Defendants deny they employed Plaintiff.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 of the Complaint, and therefore such allegations are denied.

49.    Defendants deny they employed Plaintiff.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 49 of the Complaint, and therefore such allegations are denied.

50. Defendants deny they employed Plaintiff. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 of the Complaint, and therefore such allegations are denied.

51. Defendants deny they employed Plaintiff. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 of the Complaint, and therefore such allegations are denied.

52. Defendants deny they employed Plaintiff. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 of the Complaint, and therefore such allegations are denied.

53. Defendants deny they employed Plaintiff. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 of the Complaint, and therefore such allegations are denied.

54. Defendants deny they employed Plaintiff. Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 of the Complaint, and therefore such allegations are denied.

55.   Defendants deny they employed Plaintiff.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 of the Complaint, and therefore such allegations are denied.

56.   Defendants deny they employed Plaintiff.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 of the Complaint, and therefore such allegations are denied.

57.   Defendants deny they employed Plaintiff.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 of the Complaint, and therefore such allegations are denied.

58.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint, and therefore such allegations are denied.

59.   Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 59 of the Complaint, and therefore such allegations are denied.

AS TO THE "WHEREFORE" CLAUSE, Defendants deny that Plaintiff is entitled to any judgment or any of the relief set forth in the "WHEREFORE" clause of the Complaint, including subparagraphs (a) to (j).

Except as expressly admitted above, all allegations in the Complaint are denied.

This 19th day of October, 2015.

Respectfully submitted,

**MORRIS, MANNING & MARTIN, LLP**

/s/ R. Jason D'Cruz
R. Jason D'Cruz
Georgia Bar Number 004740
rjd@mmmlaw.com
Shama A.  Barday
Georgia Bar Number 616254
sbarday@mmmlaw.com
Attorneys for Defendants

1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 233-7000 (Telephone)
(404) 365-9532 (Telecopier)

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that the foregoing "Answer" has been prepared in Times New Roman 14 point, one of the four font and point selections approved by the Court in Local Rule 5.1B.

This 19th day of October, 2015.

MORRIS, MANNING & MARTIN, LLP
By: /s/ R. Jason D'Cruz
   R. Jason D'Cruz
   Georgia Bar No. 004740

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CORRINE S. KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:15-cv-02188 |
| v. | ) | |
| | ) | |
| TMX FINANCE LLC, | ) | |
| TMX INVESTMENTS, LLC, | ) | |
| TMX CREDIT, INC., AND | ) | |
| TMXA, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing "Answer" was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification by e-mail of such filing to:

> Drew Mosley
> Drew Mosley, LLC
> 600 South Perry Street
> Lawrenceville, GA 30046
> (678) 225-0098

> By: /s/ R. Jason D'Cruz
> R. Jason D'Cruz
> Georgia Bar No. 004740